IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROY LYNN MCCUTCHEN and PADUCAH SHOOTER'S SUPPLY, INC., Individually and behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. _____  18-1965 C |

**CLASS ACTION COMPLAINT**

**NATURE OF THE CLAIM**

1.      Plaintiffs bring their claims for a taking of their property without just compensation, by means of the reversal of the Bureau of Alcohol, Tobacco, Firearms, and Explosives's determination that bump-fire stocks, slide-fire devices, and devices with certain similar characteristics (collectively referred to as "bump-stocks") are a firearm part and, thus, not regulated as a firearm under the Gun Control Act of 1968 ("GCA") or the National Firearms Act of 1934 ("NFA").

2.      Specifically, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") published a Notice of Proposed Rulemaking ("NPR") in the Federal Register on March 29, 2018, 83 FR 13422.  In the NPR, the ATF proposed an amendment to its regulations that would reverse its previous determinations that bump-stocks are a firearm part and not subject to federal regulation.

3.      The ATF's NPR was an initial step to substantively, through fiat regulation, redefine bump-stocks as "machineguns" under the NFA and GCA.

4. The NPR, 83 FR 13422, was an abrupt reversal of clear ATF guidance that was followed by hundreds-of-thousands of law-abiding citizens and retailers who legally purchased bump-stocks over more than an eight-year period.

5. More than ten previous classification decisions from the ATF have classified bump-stocks as a firearm part or accessory, which hundreds-of-thousands of citizens relied on when purchasing these devices.

6. Because the ATF has long classified bump-stocks as mere firearm parts, owners of devices classified as firearm parts had an investment-backed expectation in their bump-stocks as firearm parts.

7. On December 26, 2018, the ATF published its final rule in the federal register, 83 FR 66514, amending 27 CFR parts 447, 478, and 479, retroactively redefining bump-fire stocks as "machineguns" under the NFA and GCA.

8. Moreover, the final rule incredibly requires that previously lawful owners destroy or surrender the device within 90-days without offering compensation.

9. The final rule's unprecedented requirement that bump-stocks be surrendered or destroyed within a 90-day period, with no opportunity for registration, effected a taking under the 5th Amendment of the United States Constitution.

## PARTIES

10. Plaintiff Roy L. McCutchen is an individual who resides in the county of McCracken, Kentucky. In reliance on the ATF's many classification decisions, Mr. McCutchen legally purchased and owns multiple bump-fire type devices for both his personal use and for economic gain. At the time of the issuance of the final rule, Plaintiff had a property interest in a bump-stock. As detailed herein, Plaintiff suffered a taking as a result of the ATF's amendment

of 27 CFR parts 447.11, 478.11, and 479.11, requiring him to destroy or surrender his legal bump-fire devices.

11.     Plaintiff Paducah Shooter's Supply, Inc., is a corporation duly organized and existing under the laws of the state of Kentucky, with its principal place of business at 3919 Cairo Rd, Paducah, Kentucky 42001. Paducah Shooter's Supply, Inc., is a registered FFL firearms dealer doing business as PSS. It is also a retailer of recreational clothing, accessories, and firearm parts and accessories. Paducah Shooter's Supply, Inc., operates a shooting range which, on occasion, hosts "machine gun shoots" whereby it charges customers to shoot firearms at various targets. Some of these shoots feature a bump-stock type device affixed to various firearms. As of the filling of this complaint, Plaintiff had a property interest in multiple bump-stock devices. As detailed herein, Plaintiff suffered a taking as a result of the ATF's amendment of 27 CFR parts 447.11, 478.11, and 479.11, requiring it to destroy or surrender its bump-fire devices.

## JURISDICTION AND VENUE

12.     This Complaint states causes of action for taking of property without just compensation in violation of the Fifth Amendment to the United States Constitution. The Court has jurisdiction over this action under the Tucker Act, 28 U.S.C. § 1491(a).

13.     Venue is proper in the United States Court of Federal Claims pursuant to 28 U.S.C. § 1491(a).

## FACTUAL BACKGROUND

14.     The Attorney General is responsible for enforcing the GCA, as amended, and the NFA, as amended. This includes the authority to promulgate regulations necessary to enforce the provisions of the GCA and NFA.

15. The Attorney General has delegated the responsibility for administering and enforcing the GCA and NFA to the Director of the ATF, subject to the direction of the Attorney General and the Deputy Attorney General.

16. The Department and ATF have promulgated regulations implementing both the GCA and the NFA.

17. As the primary authority for administering and enforcing the GCA and NFA, manufactures, retailers, and the public alike have relied on the ATF for classification decisions on new bump-stock-type devices.

18. In 2006, the ATF concluded that certain spring-loaded devices were classified as machineguns under the GCA and NFA.

19. Specifically, the ATF concluded that certain devices attached to semi-automatic firearms that use an internal spring to harness the force of the recoil so that the firearm shoots more than one shot with a single pull of the trigger are machineguns.

20. One such bump-stock-type device that relied on internal springs and was classified as a machinegun was the Akins Accelerator.

21. After reclassification, the ATF advised individuals who had purchased the Akins Accelerator that they had the option of removing the internal spring, thereby placing the device outside the classification of machinegun and allowing the purchaser/possessor to *retain the device* in lieu of destroying or surrendering the device.

22. Between 2008 and 2017 the ATF also issued many classification decisions concluding that certain other bump-stock-type devices, that did not rely on springs, were not machineguns.

23. The ATF indicated that semiautomatic firearms modified with these bump-stock-type devices did not fire "automatically," and were thus not "machineguns," because the devices did not rely on internal springs or similar mechanical parts to channel recoil energy.

24. The ATF classified these bumps-stock devices as firearm parts which are not subject to regulation.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs incorporate by reference all prior paragraph as if fully set forth in their entirety herein.

26. Pursuant to Rule of the United States Court of Federal Claims ("RCFC") 23, Plaintiffs bring this class action and seek certification of the claims and certain issues in this action on behalf of a Class defined as:

> **All United States persons who have purchased a bump-fire stock or bump-fire type device, as listed in Exhibit 1, for personal or commercial use, during the period extending from June 7, 2010, through and to the filing date of this Complaint.**

27. Plaintiffs reserve the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, and individuals, corporations, non-profits, or any other entities who have chosen to challenge the regulation in a federal district court or to pursue an individual takings claim in a federal district court. Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

28. The federal regulation was applied uniformly to all members of the Class so that the questions of law and fact are common to all members of the Class and any potential future subclass.

29. All members of the Class and any future subclass were and are similarly affected by the promulgated regulation, and the relief sought herein is for the benefit of Plaintiff and members of the Class and any future subclass.

30. Based on the annual sales of the bump-fire stocks and the popularity of the bump-fire stocks, it is apparent that the number of bump-fire stock owners is so large to make joinder impractical, if not impossible.

31. Questions of law and fact common to Plaintiff Class exist that predominate over questions affecting only individual members, including, inter alia:

    a. Whether the ATF's promulgated regulation effected a taking under the 5th Amendment of the United States Constitution;

    b. Whether physically surrendering a bump-stock to the ATF is a taking under the 5th Amendment of the United States Constitution; and

    c. Whether Plaintiffs are entitled to just compensation.

32. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class, as the claims arise from the same action by the Defendant, and the relief sought within the Class is common to the members of each.

33. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any potential future subclass.

34. Plaintiff has retained counsel competent and experienced in both Fifth Amendment takings and class action litigation.

35. Certification of this class action is appropriate under RCFC 23 because the questions of law or fact common to the respective members of the Class predominate over

questions of law of fact affecting only individual members.  This predominance makes class litigation superior to any other method available for fair and efficient decree of the claims.

36.     Absent a class action, it would be highly unlikely that the representative Plaintiffs or any other members of the Class would be able to protect their own interests and property rights because the cost of litigation through individual lawsuits might exceed expected recovery.

37.     Certification also is appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.  Further, given the large number of property owners with an investment backed expectation that are affected by the regulation, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

38.     A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved by a single judge simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the Court—with its many judicial vacancies—that individual actions would engender.

39.     The benefits of proceeding as a class action, including providing a method for obtaining redress for constitutional violations that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to management of this class action.

## COUNT I

### (FIFTH AMENDMENT TAKING)

40.     On December 26, 2018, the ATF amended 27 CFR parts 447.11, 478.11, and 479.11, retroactively redefining bump-fire stocks as "machineguns" under the NFA and GCA.

41. The amended regulations have destroyed all economic value and all investment-backed expectations in plaintiffs' bump-stocks.

42. Bump-stocks that were once legally owned, and unregulated, firearm parts by plaintiffs are now considered machineguns under the NFA and cannot be lawfully possessed, transported, donated, or devised.

43. Bump-stock devices currently possessed by individuals are required to be destroyed or surrendered to the ATF within 90-days of the effective date of the regulation.

44. The ATF's website explains that bump-fire devices can be surrendered to a local ATF office or destroyed.

45. The website also explains how to properly destroy a bump-stock, see Exhibit 1.

46. Indeed, the final rule states "any method of destruction must render the device so that it is not readily restorable to a firing condition or is otherwise reduced to scrap."

47. A federal law or regulation that requires previously lawful owners of property to destroy or surrender said property, without just compensation, is unprecedented in the history of the United States.

48. Unlike individual states, the federal government does not have a plenary police power.

49. The amended regulation effectively took plaintiffs property without just compensation.

50. The ATF took Plaintiffs' property for a public purpose.

51. The ATF's actions are attributable to the United States.

52. The United States government has not provided Plaintiffs with just compensation for the taking of Plaintiffs' property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf themselves and all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

A. For an order certifying that the action may be maintained as a class action, certifying Plaintiffs as representatives of the Class, and designating their counsel as counsel for the Class;

B. For an order finding that Defendant took Plaintiffs' property without just compensation in violation of the Fifth Amendment of the United States Constitution;

C. For Judgment entered against the Defendants and in favor of Plaintiffs for compensation for the property right taken from them, together with the costs of suit, including reasonable attorneys' fees and interest;

D. That Plaintiffs be awarded just compensation for their deprivation and losses;

E. That Plaintiffs have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

Dated:  December 26, 2018

                                            Respectfully Submitted,

                                            */s/ Ethan A. Flint/*

                                            Ethan A. Flint, *Attorney of Record*
                                            Adam M. Riley, *Of Counsel*
                                            Flint Law Firm, LLC
                                            222 E. Park St., Suite 500
                                            P.O. Box 189
                                            Edwardsville, IL 62025
                                            T: (618) 288-4777   F: (618) 288-2864
                                            eflint@flintlaw.com
                                            ariley@flintlaw.com